SOLOMON MARX and ELIZA GUGGENHEIMER, Respond-
ents, v. BEBNARD SPAULDING and CHARLES JONES,
Appellants, Impleaded with Others. [Four Cases.]

SOLOMON MARX and ELIZA GUGGENHEIMER, Respond-
ents, v. CHARLES JONES, Appellant, Impleaded with
MICHAEL BRENNAN and Others. [Two Cases.]

*Supplementary proceedings — what return by the sheriff is requisite to their institution.*

An execution having been issued upon a judgment recovered against a defendant,
the sheriff, shortly before the expiration of the sixty days within which it was
to be returned, commenced to advertise for sale certain real property alleged
to belong to the defendant. After the expiration of the sixty days, and prior
to the day of sale, the sheriff made a return in which he stated that he had
collected nothing under the execution, and had not found any personal property
out of which the execution could be made, but that he had levied upon certain
real estate and advertised the same for sale. Upon this return the plaintiff
procured an order for the examination of the defendant in proceedings supple-
mentary to execution.

*Held,* that the return was not such as to justify the granting of the order.

That the question as to whether or not the sheriff should not have made the return
in the form required by law, should not be decided upon affidavits presented
upon the application for the order.

Appeal from an order denying a motion to vacate an order for
the examination of defendants in proceedings supplementary to
execution.

The facts in the six above entitled cases are the same. The
plaintiffs, who are the same in each case, held six bonds secured by
six mortgages upon real estate in the city of New York. Two of
the bonds and mortgages were made by Michael Brennan, the
defendant in the two Brennan cases, and the remaining four bonds
and mortgages were made by Bernard Spaulding, the defendant in
the four Spaulding cases. The defendant Jones assumed the pay-
ment of all these bonds and mortgages. The mortgages were fore-
closed and resulted in deficiency judgments. The judgments
against Spaulding and Jones in actions one, two, three and four,
amount to about $22,000. The judgments against Brennan and
Jones in actions one and two amount to about $11,000. Executions
were issued upon each of these six judgments to the sheriff of the

county of New York, where all of these defendants reside. These executions were issued on October 20, 1884, and on December 19, 1884, the sixty-day limit allowed by the shertff within which to return the executions expired. Within the sixty days allowed by the sheriff within which to return the executions, and in December, 1884, the sheriff commenced to advertise for sale certain real property in which Jones, as was claimed by the plaintiffs, had no interest. Plaintiffs' counsel then notified the sheriff that Jones had no interest in the property, and that they did not desire this property advertised, but required the return of the executions. The sheriff refused to make a return, and thereupon a motion was made to punish him for contempt for his conduct with respect to the executions. The sheriff, on January third, and prior to the day fixed for the sale of the real estate, made the following return :

"In pursuance of the demands of plaintiffs' attorneys, I make the following return to the within execution : I have collected nothing under, and have not found any personal property out of which the said execution, or any part of the same, can be made ; but I have thereunder levied upon the real estate mentioned in the annexed notice of sale, and have advertised the same for sale as in said notice provided. I have found no other property out of which to satisfy the same."

Upon this return one of plaintiffs' attorneys made an affidavit that the executions had been returned unsatisfied, and thereupon procured an order for the examination of the defendants. The defendants, on affidavits showing these facts, moved this court at Special Term to set aside said orders for their examinations, which motions were denied, with costs.

*A. Thain,* for the appellants.

*S. Untermeyer,* for the respondents.

BY THE COURT, DAVIS, P. J. :

We think the order should be reversed. The return was not such an one as justified the supplementary order. It is not enough to show that, upon the existing facts, it ought to have been such an one. The remedy was to require the sheriff to make the proper return, and if he refused, to move to compel him to do so on affidavits showing the facts now claimed to exist. A creditor's bill

would not have been sustained in chancery upon such a return as was made in this case. The Code does not justify the proceedings where the execution has not been returned, for the reason that the sheriff has levied upon and is about to sell real estate of defendant. Nor ought the right to the supplementary order be made to depend upon the result of a controversy, upon motion to set it aside, upon conflicting affidavits on the question whether the sheriff should not have made the return required by law as the basis of the supplementary examination.

The order should be reversed, with ten dollars costs and disbursements.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements.