HENRY J. BAKER and SAMUEL J. DOWNS, Respondents, v.
WARREN J. HERKIMER, Appellant.

ERASTUS A. TAYLOR and ELON J. DURFY, Respondents,
v. SAME, Appellant.

GEORGE D. LATHROP, Respondent, v. SAME, Appellant.

WARD L. PHILLIPS, Respondent, v. SAME, Appellant.

*Supplementary proceedings—when defects in the return of the execution by the sheriff
are waived by the appearance of the debtor — when a receiver should be appointed
although the legal title to real estate is vested in the debtor.*

When the affidavit, used upon an application for an order requiring a judgment
debtor to appear and be examined, states all the facts necessary to give the
judge jurisdiction to grant the order, and the debtor has appeared and sub-
mitted to an examination and to the appointment of a receiver without objection,
it is too late to move to vacate the order upon the ground that the sheriff's return
upon the execution is defective, when it appears by the judgment debtor's
examination, that he has not been prejudiced by the defect complained of.

The fact that the examination shows that the defendant holds the legal title to
heavily incumbered real estate, out of which it is improbable that the
execution can be collected in whole, or in part, is no reason for refusing to
appoint a receiver.

Appeal from an order of the county judge of Otsego county,
denying defendant's motion to vacate an order appointing a receiver
in proceedings supplementary to execution, and to vacate an order
directing the defendant to be examined.

*Walter H. Bunn,* for the appellant.

*Lowell S. Henry,* for the respondents.

Follett, J.:

Appeal from an order of the county judge of Otsego county,
denying defendant's motion to vacate an order appointing a receiver
in proceedings supplementary to execution, and to vacate an order
directing the defendant to be examined.

The defendant, in his affidavit of July 6, 1886, swears that he was
personally served with the orders for his examination and the affi-
davits upon which it was granted. Each affidavit states that an execu-
tion had been issued and returned wholly unsatisfied. The affidavits

stated all of the facts necessary to give the county judge jurisdiction to grant the orders for the examination of the judgment debtor, who submitted to the examination and to the appointment of a receiver without raising the objection that the sheriff's returns upon the executions were insufficient, in fact or form, to justify the granting of the examination orders, or the orders appointing a receiver. It seems that the judgment debtor did not suspect that he had property wherewith to pay the judgments, or that his rights were being infringed by the proceedings until he was called upon by the receiver to convey his interest in the farm, when he moved to vacate the orders because the sheriff's returns failed to state that the defendant had not real estate out of which the executions could have been satisfied. These motions were made in the face of the judgment debtor's examinations under the orders, wherein he testified that he had no personal property subject to execution, and no real estate except an undivided half interest in a farm of 300 acres, which he thought would sell for about ten dollars per acre (his interest for $1,500), which was subject to a mortgage for $1,200, with interest for about a year, and to the four judgments in these cases, amounting to $237.11.

When the affidavit states all the necessary facts to give the judge jurisdiction to grant an order for the judgment debtor's examination, and he appears and submits to the examination and to the appointment of a receiver without objection, it is too late to move to vacate the orders upon the ground that the sheriff's return upon the execution is defective, when it appears by the judgment debtor's examination that he has not been prejudiced by the defect complained of.

In *Marx* v. *Spaulding* (35 Hun, 478; S. C., 16 Abb. N. C., 309; affirmed, 99 N. Y., 675), it appeared that the defect complained of was the act of the judgment creditor, and the motion to vacate the examination order was made promptly and before the examination was had. The Superior Court held, on a return precisely like the one considered in the case last cited, that the defect was not sufficient to vacate the order. (*Forbes* v. *Spaulding.* 20 J. & S., 166; S. C., 8 Civil Pro. R., 135.) This case must be regarded as overruled by the affirmance by the Court of Appeals of the decision of the Supreme Court in *Marx* v. *Spaulding*.

The fact that the examination showed that defendant held the legal title to heavily incumbered real estate, out of which it was improbable that the execution could have been collected in whole or in part, is no reason for refusing a receiver. (*Fenton* v. *Flagg*, 24 How., 499; *Bailey* v. *Lane*, 15 Abb., 373, note.)

The executions or returns in actions Nos. 2 and 3 are not contained in the appeal book, and there is no evidence that the returns upon them were not, in all respects, sufficient.

The order refusing to vacate the order appointing a receiver, and refusing to vacate the examination order, is affirmed, in each of the cases, but the appeals having been conducted as one, the affirmance is with ten dollars costs and printing disbursements in *Lathrop* v. *Herkimer*, and without costs in the other cases.

HARDIN, P. J., and BOARDMAN, J., concurred.

The order refusing to vacate the order appointing a receiver, and refusing to vacate the execution, is affirmed in each of the four cases, with ten dollars costs and disbursements in *Lathrop* v. *Herkimer*, and without costs in the other cases.